Administrators of Price v. Administrators of Tallman.

# MONMOUTH NISI PRIUS.

## JULY TERM, 1794.

### ADMINISTRATORS OF PRICE v. ADMINISTRATORS OF TALLMAN.

1. A party who has mutilated a paper by tearing off a writing attached to it, shall not be permitted to prove the nature and contents of the part thus torn off, by parol testimony.

2. A bond (to which a writing had been attached which had been torn off by a party,) cannot be received in evidence after such mutilation. *Quere?*

This was an action of debt on a bond, to which the defendants pleaded—1st. *Non est factum.* 2d. That it had been given by defendant's intestate in consideration of a cohabitation in adultery with Lydia Price, the plaintiff's intestate.

On the trial before KINSEY, C. J., and SMITH, J., the plaintiffs produced a witness to prove the execution and delivery of the bond. On his cross-examination, he said that after the execution, but before the delivery of the instrument, there was a writing added at the foot of the bond, relative to one of the obligees, by consent of the parties, which appeared to have been cut off.

The plaintiffs offered a witness to prove the contents of this writing which had been torn off, and to satisfy the jury that it was altogether immaterial. This was objected to, on [448] the ground that if a party destroys a writing, he shall not be permitted to have recourse to a secondary species of evidence, which is never admitted except in cases of accident or involuntary necessity.

PER CUR. The evidence is inadmissible. This rule was adopted by the court in the case of *Rozell* v. *Inslee*, at Middlesex Nisi Prius, and we think it is correct and should be adhered to.

The court was afterwards divided upon the question, whether the bond should be suffered to go to the jury. KINSEY, C. J., thought it ought to be received, because there were other obligees named in the bond, and the evidence was that the paper cut off referred to only one of them, and it was not proved which. SMITH, J., thought the evidence inadmissible, because there was a mutilation of the instrument after its execution; and the jury would not be warranted in inferring that its contents referred to one, and not to another. The evidence was accordingly rejected, and the plaintiff suffered a non-suit.